KNOX COUNTY *v.* JOHN A. KREIS.

(*Knoxville.* September Term, 1921.)

1. **ANIMALS.** County not entitled to salvage value of destroyed cattle after payment of statutory valuation.

Where cows infected with tuberculosis were ordered destroyed, and the statutory valuation provided by Acts 1913, chapter 5, amending Acts 1901, chapter 156, to prevent the spread of diseases among domestic animals, was paid, the county was not entitled to recover of the owner salvage value received from a packing company slaughtering the cattle for their hides, fertilizer and like purposes, the statutory value being not more than one-half of the true valuation, and being purely a gratuity. (*Post, pp.* 342-344.)

2. **EMINENT DOMAIN.** Act authorizing destruction of diseased cattle a police measure.

Acts 1913, chapter 5, authorizing the destruction of infected cattle and payment to the owner of one-half their value, is purely a police measure, and does not authorize the taking of cattle by payment of the statutory valuation so as to entitle a county to the salvage value of the destroyed cattle as that would violate Constitution, article 1, section 21, requiring just compensation. (*Post, pp.* 342-344.)

Acts cited and construed: Acts 1913, ch. 5; Acts 1901, ch. 156.

Cases cited and approved: Alloway v. Nashville, 88 Tenn., 510; Lewisburg & Northern Railroad Co. v. Hinds, 134 Tenn., 293; City of New Orleans v. Charouleau, 121 La., 890; Newark, etc., R. Co. v. Hunt, 50 N. J. Law, 308; Houston v. State, 98 Wis., 481.

Constitution cited and construed: Sec. 21, art. 1.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—HON. CHAS. HAYS BROWN, Chancellor.

JAMES G. JOHNSON, for appellant.

GREEN & WEBB, for defendant.

MR. JUSTICE GREEN delivered the opinion of the court.

The defendant, Kreis, was the owner of a herd of dairy cattle in Knox county valued at about $7,000. The State veterinarian found the cows to be infected with tuberculosis and ordered their destruction. Three freeholders were selected and made a statutory valuation of the animals of $1,925.

The cows were then sent to the East Tennessee Packing Company at Knoxville and slaughtered. They were valued by the packing company at $1,299.91 as salvage; that is, to be used for their hides, for fertilizer and like purposes.

Kreis collected from the county the statutory valuation of $1,925 for his cattle and also collected from the packing company the $1,299.19, the salvage value of the cattle.

The county insists that upon payment to Kreis of the statutory valuation it became entitled to the salvage, and brings this suit to recover the amount of same, collected as aforesaid by Kreis from the packing company. The chancellor decreed in favor of the defendant, and the county has appealed.

The destruction of this herd was accomplished under chapter 5 of the Acts of 1913, same being an act to amend chapter 156 of the Acts of 1901 to prevent the spread of communicable diseases among domestic animals. The act of 1913 is as follows:

"Be it further enacted, That whenever, in the opinion of the state veterinarian, the public safety demands the destruction of any animal or animals under the provisions of this act, he shall, before ordering the killing or slaughtering of the same, appoint three (3) competent and disinterested freeholders, who shall be affirmed or sworn before proceeding to act, and they shall make a just and true valuation of said animal or animals to be so killed or slaughtered, and in valuing shall consider the health and condition of the animal when killed. In no case shall the owner be awarded in excess of one-half the market value of the animal. Such appraisal shall in no case exceed twenty-five dollars ($25) for a cow and sixty-five dollars ($65) for a horse or mule, except in the case of pure-bred cattle and horses, when the pedigree shall be proved by certificate of registry from the herd or record books where registered, in which case the maximum appraisal shall not exceed one hundred dollars ($100). The board of appraisers shall make and deliver a written certificate setting forth all the essential facts in the case to the lawful owner, who shall present the same for payment to the chairman of the county court of the county in which such animal or animals are so killed or slaughtered, and the same shall constitute a county charge, to be paid as other claims against the county are paid."

We think the chancellor's decree was obviously correct.

Section 21 of article 1 of the Constitution is in these words:

"That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor."

The "just compensation" provided in this section of the Constitution includes the fair market value in cash of the property taken, estimated as if the owner were willing to sell and the taker desired to purchase. *Alloway* v. *Nashville,* 88 Tenn., 510, 13 S. W., 123, 8 L. R. A., 123; *Lewisburg & Northern Railroad Co.* v. *Hines,* 134 Tenn., 293, 183 S. W., 985, L. R. A. 1916E, 420.

The act of 1913 provides that—"In no case shall the owner be awarded in excess of one-half of the market value of the animal."

Now, as a matter of course, the county could not have appropriated the cows themselves under a statute which only permitted the payment to the owner of one-half of the value of his property. The county can no more take the proceeds of such animals than it could have taken the animals themselves.

Chapter 5 of the Acts of 1913 is a police measure purely. It authorizes the destruction of infected cattle, but cannot be construed to authorize the taking of such cattle for the reason just stated.

The provision in the act for the payment to the owner of certain sums on account of the destruction of his stock is a pure gratuity. The legislature might have directed the destruction of such animals without any compensation under the police power. *City of New Orleans* v. *Charouleau,* 121 La., 890, 46 South., 911, 18 L. R. A. (N. S.), 368, 126 Am. St. Rep., 332, 15 Ann. Cas., 46; *Newark etc., R. Co.* v. *Hunt,* 50 N. J. Law, 308, 12 Atl., 697; *Houston* v. *State,* 98 Wis., 481, 74 N. W., 111, 42 L. R. A., 39.

Neither the animals, however, nor their proceeds could be appropriated by the State or county without just compensation; certainly not under a statute that limits the

owner's compensation to one-half the market value of the property.

There is no error in the decree of the chancellor, and it will be affirmed. Other questions have been discussed orally.